1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PEGGY LOPEZ,                              No.  2:24-cv-0570-DAD-CKD (PS)

12                       Plaintiff,

13         v.                                   ORDER GRANTING IFP REQUEST AND
                                                GRANTING LEAVE TO AMEND
14    STEPHEN CHEW MD,
                                                (ECF No. 2.)
15                       Defendant.

16

17         Plaintiff Peggy Lopez ("Plaintiff"), who proceeds without counsel in this action, requests

18    leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) *See* 28 U.S.C. § 1915 (authorizing the

19    commencement of an action "without prepayment of fees or security" by a person who is unable

20    to pay such fees).  Plaintiff's affidavit makes the required financial showing, so Plaintiff's request

21    is granted.

22         However, the determination that a plaintiff may proceed without payment of fees does not

23    complete the inquiry. Pursuant to 28 U.S.C. § 1915(e), the Court must screen every in forma

24    pauperis proceeding and must dismiss the case if it is "frivolous or malicious," "fails to state a

25    claim on which relief may be granted," or "seeks monetary relief against a defendant who is

26    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27

27

28    _____
      [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
      E.D. Cal. L.R. 302(c)(21). *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                  1

(2000). In performing this screening, the Court liberally construes a pro se plaintiff's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. *See United Investors Life Ins. Co. v. Waddell & Reed Inc*., 360 F.3d 960, 967 (9th Cir. 2004).

## I.    **Allegations in the Complaint**

Plaintiff alleges that on February 25, 2022, Defendant Dr. Chew, an anesthesiologist, attempted to intubate Plaintiff during her surgery at the Oroville Hospital despite being informed that Plaintiff could not be intubated. (ECF No. 1 at 2-3, 4.) Defendant was informed prior to surgery that Plaintiff had "extreme sensitivity to aesthetics and [that Plaintiff] suffers with sleep apnea." (*Id.* at 3, 4.) Defendant was also reminded during the surgery by Plaintiff's surgeon, Dr. Lionel Foster, that Plaintiff could not be intubated. (*Id.*) Plaintiff alleges she was left with "a bruised and swollen mouth." (*Id.*) Plaintiff further alleges that "another Anesthesiologist and Knee Surgeon" told Plaintiff that "she should have never suffered a damaged mouth from the surgery." (*Id.* at 3-4.)

Plaintiff alleges the Court has diversity jurisdiction in this action. Plaintiff is a citizen of California and Defendant is a citizen of Hawaii. (*Id.* at 2.) Plaintiff seeks monetary relief in the total amount of $920,000. (*Id*. at 5.)

## II.    **Pleading Standards**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any

doubt resolved in their favor, *Eldridge*, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The sheer possibility that a defendant acted unlawfully is not sufficient to state a claim, and mere consistency with liability falls short of satisfying the plausibility standard. *See Id.; Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. *See Lopez, supra*, 203 F.3d at 1130-31. However, if amendment would be futile, no leave to amend need be given. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**III.   Discussion**

Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 and alleges four state law claims in her complaint. (ECF No. 1 at 2.) As detailed below, the Court finds jurisdiction is proper but will provide Plaintiff leave to file an amended complaint due to a failure to state her state law claims.

**A.  Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Insurance Co. Of America*, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity or present a federal question. *See* U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32.

Federal district courts have "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, ... and is between ... citizens of different States...." 28 U.S.C. § 1332. The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing *Kokkonen*, 511 U.S. at 377). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (court may dismiss an action *sua sponte* for lack of jurisdiction).

Here, Plaintiff alleges diversity in citizenship between the parties and pleads an amount in

controversy that exceeds $75,000. 28 U.S.C. § 1332. Accordingly, the Court finds jurisdiction is appropriate at this juncture.

### B. The Complaint is Conclusory and Lacks Specificity

The complaint does not contain sufficient factual allegations to state a valid state law claim. In order to state a claim for relief, a plaintiff must link the defendant to the harm suffered by setting forth the specific actions or omissions of the defendant that plausibly shows defendant is liable for the alleged violations. Plaintiff's legal conclusions about the defendant's conduct does not suffice to state a claim because legal conclusions are not taken as true in the same way that well-pleaded factual allegations are taken as true.

Although the complaint must be dismissed, Plaintiff will be granted leave to file an amended complaint with additional factual allegations. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, the Court provides the following legal standards and explanation.

<u>State Law Claim for Medical Malpractice</u>

Plaintiff alleges Defendant committed medical malpractice by attempting to intubate her during her surgery despite being informed that Plaintiff could not be intubated resulting in Plaintiff's mouth to be damaged. (ECF No. 1 at 2-3.) Pursuant to California law, "[t]he elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage." *Chakalis v. Elevator Solutions, Inc.*, 205 Cal. App. 4th 1557, 1571 (2012); *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988). Plaintiff's allegations of Defendant's conduct is conclusory and fails to demonstrate sufficient facts to state a cognizable claim. Even under a liberal construction of the complaint, however, the Court may not supply essential elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). As a result, this claim will be dismissed with leave to amend.

1

<u>State Law Claim for Medical Battery</u>

2      Plaintiff realleges the same allegations as her prior claim as basis to assert a claim for

3 medical battery. (ECF No. 1 at 4-5.)  "A typical medical battery case is where a patient has

4 consented to a particular treatment, but the doctor performs a treatment that goes beyond the

5 consent." *Conte v. Girard Orthopaedic Surgeons Med. Grp., Inc*., 107 Cal. App. 4th 1260, 1267

6 (2003). The California Supreme Court "has made it clear that battery and lack of informed

7 consent are separate causes of action. A claim based on lack of informed consent—which sounds

8 in negligence—arises when the doctor performs a procedure without first adequately disclosing

9 the risks and alternatives. In contrast, a battery is an intentional tort that occurs when a doctor

10 performs a procedure without obtaining any consent." *Saxena v. Goffney*, 159 Cal. App. 4th 316,

11 324 (2008). Here, Plaintiff does not allege that she consented to a certain procedure by Defendant

12 in which thereafter Defendant performed another type of procedure without her consent. Given

13 the allegations are identical to her claim for medical malpractice, this claim appears to be

14 duplicative of her claim for medical malpractice. This claim will be dismissed with leave to

15 amend but Plaintiff is cautioned that failure to allege specific facts that relate to this claim may

16 warrant dismissing this claim as duplicative.

17

<u>State Law Claim for Intentional Infliction of Emotional Distress</u>

18      Plaintiff alleges a claim for emotional distress which the Court will construe as a claim for

19 intentional infliction of emotional distress. (ECF No. 1 at 4.) Plaintiff alleges Defendant's attempt

20 to intubate her during her surgery has led her to be "fearful of any further medical procedures."

21 (*Id*.) Pursuant to California law, "[a] cause of action for intentional infliction of emotional distress

22 exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of

23 causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

24 suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

25 emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous'

26 when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'

27 And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization

28 that injury will result.' " *Hughes v. Pair*, 46 Cal.4th 1035,1050-1051 (2009). Here, Plaintiff has

1  not alleged elements for intentional infliction of emotional distress. Plaintiff fails to allege

2  Defendant's conduct had the intent to cause or was with reckless disregard of the probability of

3  causing emotional distress. Therefore, this claim will be dismissed with leave to amend.

4      State Law Claim for Elder Abuse

5      Plaintiff alleges "Elder Abuse" as a cause of action but does not identify a governing legal

6  authority. (*Id*. at 4.) Pursuant to the California Elder Abuse Act found in sections 15600 et seq.

7  "[the] Act makes certain enhanced remedies available to a plaintiff who proves abuse of an elder,

8  i.e., a 'person residing in this state, 65 years of age or older.' (Welf. & Inst.Code, § 15610.27.) In

9  particular, a plaintiff who proves 'by clear and convincing evidence' both that a defendant is

10 liable for physical abuse, neglect or financial abuse (as these terms are defined in the Act) and

11 that the defendant is guilty of 'recklessness, oppression, fraud, or malice' in the commission of

12 such abuse may recover attorney fees and costs. (*Id*., § 15657, subd. (a).) *Worsham v. O'Connor*

13 *Hosp*., 226 Cal. App. 4th 331, 336 (2014). Although Plaintiff alleges she is 78 years old, she fails

14 to allege facts sufficient to show Defendant acted with "recklessness, oppression, fraud, or

15 malice" when he attempted to intubate Plaintiff during her surgery. (ECF No 1 at 4.) As a result,

16 this claim will be dismissed with leave to amend.

17      **C. Guidelines for an Amended Complaint**

18      The complaint must be dismissed because it does not state a valid claim for relief.

19 Because it is not absolutely clear that no amendment could cure the defect, Plaintiff is granted

20 leave to file an amended complaint. *See Lucas*, 66 F.3d at 248. If Plaintiff elects to file an

21 amended complaint, it shall be captioned "First Amended Complaint" and shall contain a "short

22 and plain statement" of the claim[s] showing the basis on which Plaintiff is entitled to relief. Fed.

23 R. Civ. P. 8(a). In order to state a claim, Plaintiff must allege with some degree of particularity

24 the specific acts each defendant engaged in that support Plaintiff's claims. *See Jones v.*

25 *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

26      Finally, Plaintiff is informed that Local Rule 220 requires that an amended complaint be

27 complete in itself without reference to any prior pleading. Therefore, in any amended complaint,

28 as in an original complaint, each claim and the involvement of each defendant must be

sufficiently alleged.

**IV.**  **Conclusion**

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  June 7, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, lope0570.24